## Hynes v. Logan, Secretary of Revenue, et al.

*Charles S. Sotz*, for petitioner.

*Donald J. McGonigal*, for Department of Revenue.

*Claude T. Reno*, Attorney General, for Commonwealth.

WOODSIDE, J., February 15, 1943. — This matter comes before us upon a petition for writ of alternative mandamus directed to the Secretary of Revenue and the director of the Bureau of Highway Safety to show cause why they should not forthwith restore the operating privilege of petitioner.

The facts are not in dispute.

Petitioner, Frank A. Hynes, a resident of Philadelphia, while licensed to operate a motor vehicle in Pennsylvania, was adjudged guilty of operating a motor vehicle while under the influence of intoxicating liquor by the Court of Quarter Sessions of Philadelphia County on January 6, 1941; and was adjudged guilty

of operating a motor vehicle while under the influence of intoxicating liquor by the Court of Quarter Sessions of Bucks County on February 21, 1941.

On March 25, 1941, the Bureau of Highway Safety of the Department of Revenue of the Commonwealth of Pennsylvania sent official notice to petitioner that his operating privilege was withdrawn for the period of one year from January 6, 1941, and on the same day sent another notice to petitioner that his operating privilege had been withdrawn for a period of one year from February 21, 1941.

On August 26, 1941, he received a letter from the Bureau of Highway Safety stating that the period of the second revocation was in error and instead of taking effect on February 21, 1941, would take effect at the expiration of the first revocation, to wit, January 6, 1942, and extend for a period of one year from that date.

We are asked to determine the period which the second revocation covers.

Section 614 of The Vehicle Code of May 1, 1929, P. L. 905, as last amended by the Act of June 29, 1937, P. L. 2329, 75 PS §191, provides:

"(a) Upon receiving a certified record, from the clerk of the court, of proceedings in which a person pleaded guilty, entered a plea of nolo contendere, or was found guilty by a judge or jury, of any of the crimes enumerated in this section, the secretary shall *forthwith* revoke, *for a period of one (1) year from the date of revocation,* the operating *privilege* of any such person . . ." (Italics supplied).

Forthwith means "immediately" or "without delay."

Under the aforesaid section the legislature has put the duty upon the Secretary of Revenue to deny an operator the privilege of driving immediately upon receiving a certified record from the clerk of the court.

The Commonwealth contends that because of a previous revocation of the license there was nothing to re-

voke, and thereupon it became the duty of the secretary to wait until he had something to revoke. If this rule were to be followed a person who may not have an operator's license because of his failure to renew it, or for any other reason, would not have his privilege to operate withdrawn until he made application for a license. Thus the Secretary of Revenue would have to wait an indefinite period, possibly years, until the guilty party did the vain thing of making application for a license which he knew could not be granted.

It is the operating "privilege" which the law takes away from the violator. This privilege can be denied him whether, at the time it is taken away, he has a license or not. The penalty is not the revocation of the license, but is the denial of the privilege to operate. The act says that the period for which he shall not have such privilege is one year from the date of revocation. The revocation apparently does not take effect until the Secretary of Revenue acts. It is his duty to act immediately upon receipt of official word from the clerk of the court.

The intent of the legislature is not clearly expressed in this provision of the act. As a result, applying this provision to the facts of this case raises not only the question stated by the litigants and discussed above, but also another matter in which the practice of the department is apparently in conflict with the act.

Petitioner here did not receive notice of the revocation until March 25th, and presumably had a license and the privilege to operate until that day. The convictions were a month and a half apart but the notice of revocation was forwarded on the same date.

Under the provisions of the act it is our opinion that the revocation should have been for a period of one year from March 25th. That the provision of the law is unsatisfactory is emphasized by the circumstances of this case. The department has revoked the license as of January 6th, but as already pointed out, between

that date and March 25th, petitioner was apparently legally operating and, although the record is silent on the point, possibly during that period got into the trouble for which he was convicted on February 21st.

The actual withdrawal of the operating privilege is not uniform under the practice of the department. Presumably one person may not have his privilege withdrawn until three months after conviction while another may have his privilege revoked a month and a half later. The result would be in dating the revocation back to the date of conviction that one person's operating privilege may be withdrawn for 10½ months and another's for only nine months, while the act provides for one year.

On the other hand we are advised that in some counties the officials obtain the immediate surrender of the license cards from one convicted of operating while under the influence of liquor and if the revocation is not dated back to the date of the sentence that person suffers more than one year's withdrawal of privilege. A similar situation, of course, would exist in cases where defendant is sentenced to prison.

It seems to us that the act should be amended to provide that the operating privilege of a person convicted or entering a plea of guilty or nolo contendere to the enumerated crimes should be denied automatically, as a matter of law, for a period of one year from the date of the plea or conviction. Of course notice would have to be given to the Secretary of Revenue and provision for returning the license card should be made.

As we were advised at the argument that petitioner has been issued an operator's license and his privilege to operate restored, and on this date would be entitled to such privilege even under the contention of the Commonwealth, the question has become moot and for that reason we discharge the writ.

And now, to wit, February 15, 1943, the writ is discharged.